**MCGUIRE LAW, P.C.**
Eugene Y. Turin (# 342413)
1089 Willowcreek Road, Suite 200
San Diego, CA 92131
Tel: (312) 893-7002, Ex. 3
Fax: (312) 275-7895
Email: eturin@mcgpc.com

David L. Gerbie (admitted *pro hac vice*)
Brendan Duffner (admitted *pro hac vice*)
Jordan R. Frysinger (admitted *pro hac vice*)
Donald S. Cuba II (admitted *pro hac vice*)
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
Email: dgerbie@mcgpc.com
Email: bduffner@mcgpc.com
Email: jfrysinger@mcgpc.com
Email: dcuba@mcgpc.com

*Attorneys for Plaintiff and the Putative Class Members*

**ARNOLD & PORTER KAY SCHOLER LLP**
Douglas A. Winthrop (# 183532)
Joseph Farris (# 263405)
Anushka Parihar (# 366286)
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Tel: (415) 417-3100
Fax: (415) 471-3400
Email: doughlas.winthrop@arnoldporter.com
Email: joseph.farris@arnoldporter.com
Email: anushka.parihar@arnoldporter.com

Allyson Myers (# 342038)
Michelle Ban (# 361012)
777 S. Figueroa St. 44th Floor
Los Angeles, CA 90017
Telephone: (213)-243-4000
Facsimile: (213)-243-4199
Email: ally.myers@arnoldporter.com
Email: michelle.ban@arnoldporter.com

*Attorneys for Defendant Adobe Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH LYON, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>ADOBE, INC., a Delaware corporation,<br><br>Defendant. | ) Case No. 5:25-CV-10732-JSC<br>)<br>) **JOINT CASE MANAGEMENT**<br>) **STATEMENT AND RULE 26(f)**<br>) **REPORT**<br>)<br>) Date:       March 18, 2026<br>) Time:       2:00 PM<br>) Judge:      Hon. Jacqueline Scott Corley<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1

Pursuant to the Court's Order dated January 23, 2026 (ECF No. 18), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, Plaintiff Elizabeth Lyon ("Plaintiff") and Defendant Adobe Inc. ("Adobe" or "Defendant") met and conferred on February 26, 2026, and hereby submit this Joint Case Management Statement and Rule 26(f) Report.

## I.    JURISDICTION AND SERVICE

### a.    Plaintiff's Statement

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331 because the action arises under the Copyright Act, 17 U.S.C. § 501, *et seq*. ("Copyright Act"). This Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant is headquartered in this District. This case is properly assigned to this Division because, under Civil Local Rule 3-2(c), Plaintiff may elect to file a case pertaining to intellectual-property rights in any Division within the District. Defendant was properly served with Plaintiff's Class Action Complaint. (ECF No. 1) ("Complaint").

### b.    Defendant's Statement

For the purposes of this action, and assuming the truth of Plaintiff's allegation that she is not an Adobe subscriber (who might be subject to an arbitration agreement), Adobe does not, at this time, contest personal jurisdiction or venue.  Adobe does not contest that the Complaint was properly served.

## II.    FACTS

### a.    Plaintiff's Statement

Plaintiff Elizabeth Lyon is an author who owns a registered copyright in *Manuscript Makeover: Revision Techniques No Fiction Writer Can Afford to Ignore* (Registration No. TX7004354, registered June 20, 2008). Defendant Adobe, Inc. created SlimLM, a series of small language models ("SLMs") which are optimized for document assistance tasks on mobile devices. To train these SLMs, Defendant used a pre-training dataset assembled and published by Cerebras Systems, Inc. called "SlimPajama." SlimPajama is a copied, cleaned, and deduplicated version of

2

Together Computer, Inc's RedPajama dataset, which itself contains a subset comprised of approximately 196,640 books derived from the Bibliotik private tracker, including Plaintiff's copyrighted work. Thus, Plaintiff's copyrighted work is among the works included in the SlimPajama dataset. Defendant downloaded, copied, stored, and used Plaintiff's copyrighted work without authorization to train its SlimLM models, thereby directly infringing Plaintiff's copyright. Defendant retained copies of its pretraining datasets that contained Plaintiff's copyrighted work on its servers and continues to store and use them in further training for new versions of its SlimLM models and other related models, thus continuing its infringement. Plaintiff's Complaint was filed December 16, 2025. (ECF No. 1). Defendant's deadline to respond is March 16, 2026. (ECF No. 11).

Plaintiff and the Class's claims arise from the illegal pirating of their works, creation of backups, and creation of numerous copies of such works in various repositories. Such copies were retained illegally and indefinitely and such conduct, in addition to the actual use of such works to train its models, constitutes violations of Plaintiff's and the Class members' copyrights.

b.      **Defendant's Statement**

Adobe is a computer software company based in San Jose, California that specializes in the development of software for the creation of a wide range of content, including graphics, photography, illustration, and print.

Plaintiff is the author of a book who alleges that her book is contained in a publicly-available dataset allegedly created by third-party Cerebras Systems Inc. called SlimPajama. She further asserts copyright infringement against Adobe based on its use of that dataset to train a series of small language models called SlimLM in connection with a research paper, titled "SlimLM: An Efficient Small Language Model for On-Device Document Assistance," available at https://arxiv.org/pdf/2411.09944.

Plaintiff's claim is meritless for the principal reason that Adobe's use of the SlimPajama dataset is paradigmatic fair use, among other potential defenses. As multiple courts have held, the

use of content, including books, to train language models is highly transformative, and Adobe's use of the SlimPajama dataset for a research paper has not had, and could not have, any legally relevant effect on a market. This case also presents fatal procedural challenges. Plaintiff's proposed putative class is sweepingly defined as: "[a]ll persons or entities domiciled in the United States that own a United States copyright in any work that was downloaded, copied, stored, or used as training data by Defendant without authorization during the Class Period according to Defendant's records." But "copyright claims are poor candidates for class-action treatment." *Schneider v. YouTube, LLC*, 674 F. Supp. 3d 704, 717 (N.D. Cal. 2023) (citation omitted). Here, the breadth of the putative class raises significant commonality and typicality issues, among other obstacles. Certification of such a heterogenous proposed class—one which would include owners of different types of works, owners of different types of legal or beneficial rights, and owners of works that were used by Adobe for different purposes—will not be possible.

## III.    LEGAL ISSUES

### a.    Plaintiff's Statement

As reflected in Plaintiff's Complaint, the principal legal issues presented in this case include, but are not limited to, the following:

(1) Whether Defendant's use of copyrighted works to train SLMs constitutes fair use under 17 U.S.C. § 107;

(2) Whether Defendant's alleged use satisfies the elements of direct copyright infringement under 17 U.S.C. § 501;

(3) Whether any copying was de minimis or involved only unprotectable elements;

(4) Whether this action satisfies the requirements for class certification under Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3);

(5) Whether Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c), actual damages and profits under § 504(b), injunctive relief under § 502, or attorneys' fees under § 505;

(6) Whether any infringement was willful or innocent.

4

### b.   Defendant's Statement

Adobe agrees that, based on its current understanding of the case, the principal legal issues in the case are whether Plaintiff can prove direct copyright infringement, whether Adobe's use of SlimPajama to train SlimLM is fair use, whether the class Plaintiffs seeks meets the class certification requirements of Rule 23, whether any use by Adobe of Plaintiffs' copyrighted works was non-actionable *de minimis* use or involve unprotectable elements, whether Plaintiff is entitled to damages, and whether any infringement was willful or innocent.

## IV.   MOTIONS

Adobe filed an Unopposed Administrative Motion to Consider Whether Cases Should Be Related, requesting that the Court deem this action related to a subsequently-filed action, *Kleiner v. Adobe Inc.*, Case No. 5:26-cv-01218-EKL (filed February 9, 2026) ("*Kleiner*"). (*See* ECF No. 26). On March 11, 2026, the Court granted Adobe's Motion, ordering *Kleiner* to be reassigned to this Court. (ECF. No. 27).

Adobe intends to raise at the Case Management Conference the question of what further action should be taken to manage this case efficiently with the *Kleiner* case, such as whether that case should be stayed pending resolution of this action or consolidated with it.

Plaintiff intends to file a motion for class certification and both Plaintiff and Defendant anticipate filing motions for summary judgment in accordance with a case schedule to be set by the Court. *See* Section XV (Scheduling).

## V.   AMENDMENT OF PLEADINGS

Plaintiff reserves her right to file an amended Complaint at an appropriate time and in accordance with the Federal Rules of Civil Procedure, the Civil Local Rules of this Court, and the Standing Order for Civil Cases Before Judge Jacqueline Scott Corley, including to the extent any order from the Court requires or permits further amendment.

## VI.    EVIDENCE PRESERVATION

Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and will meet and confer pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

## VII.    DISCLOSURES

The Parties conferred in accordance with Rule 26(f) of the Federal Rules of Civil Procedure on February 26, 2026. Pursuant to Rule 26(a)(1)(C) and the proposed discovery schedule below, the Parties anticipate serving Rule 26(a)(1) initial disclosures in accordance with the below proposed discovery schedule. The Parties confirm that they will comply with their obligations to supplement those disclosures as necessary.

## VIII.    DISCOVERY

The Parties anticipate submitting a proposed protective order to facilitate the exchange of discovery will likely be necessary. Counsel will meet and confer regarding a stipulated protective order regarding confidential information and any other protocols that may be necessary for the needs of this case with respect to any access to voluminous and/or sensitive data. The parties have detailed their competing proposed discovery schedules in Section XV (Scheduling).

## IX.    CLASS ACTIONS

### a.    Plaintiff's Statement

Plaintiff is entitled to maintain this action under Fed. R. Civ. P. 23 (a) and (b). Even in the absence of document production and/or oral testimony, Plaintiff is confident that she will be able to satisfy the requirements of Fed. R. Civ. P. 23 based on Plaintiff's independent investigation.

### b.    Defendant's Statement

Defendant does not believe that this case can be certified as a class action consistent with Federal Rule of Civil Procedure 23. As set out above, the class presents significant commonality and typicality issues, among other obstacles to certification.

6

## X.   RELATED CASES

Pursuant to the Court's Order entered on March 11, 2026, *Kleiner* is related and has been reassigned to this Court. (ECF No. 27).

## XI.   RELIEF

### a.   Plaintiff's Statement

Plaintiff seeks judgment against Defendant in favor of the proposed Class, including the following relief: (i) an order certifying the Class, naming Plaintiff as Class Representative, and naming Plaintiff's attorneys as Class Counsel to represent the Class; (ii) an order declaring that Defendant's conduct violates 17 U.S.C. § 501; (iii) an award of statutory and other damages under 17 U.S.C. § 504 for violations of the copyrights of Plaintiff and the Class by Defendant; (iv) reasonable attorneys' fees and reimbursement of costs under 17 U.S.C. § 505 or otherwise; (v) a declaration that such infringement is willful; (vi) destruction or other reasonable disposition of all copies Defendant made or used in violation of the exclusive rights of Plaintiff and the Class, under 17 U.S.C. § 503(b); (vii) pre- and post-judgment interest on the damages awards to Plaintiff and the Class, and that such interest be awarded at the highest legal rate from and after the date Plaintiff's class action Complaint was first served on Defendant; (viii) further relief for Plaintiff and the Class as the Court deems appropriate. Plaintiff states that a computation of damages is premature at this time as it is unknown how many infringing works were copied by Defendant.

### b.   Defendant's Statement

Defendant does not believe that Plaintiffs are entitled to any relief in this action, and reserves its right to seek fees and costs, if warranted.

## XII.   SETTLEMENT AND ADR

Pursuant to ADR Local Rule 3-5, the Parties and their counsel have read the handbook entitled "Dispute Resolution Procedures in the Northern District of California," discussed with each other the available dispute resolution options provided by the Court and private entities, and considered whether this action might benefit from the available dispute resolution options.

## XIII.    OTHER REFERENCES

The Parties do not believe that the case is suitable for reference to binding arbitration or a special master at this time. The Parties have not consented to the jurisdiction of a magistrate judge.

## XIV.    NARROWING OF ISSUES

The Parties believe that discovery is necessary to know if there is a potential to limit issues raised in Plaintiff's Complaint. (ECF No. 1). At this time, the Parties have no proposals for narrowing the issues presented by this action.

## XV.    SCHEDULING

The Parties submit the following competing proposed schedules:

**Plaintiff's Proposed Schedule:**

Plaintiff submits that class certification should proceed first, or at minimum simultaneously with any summary judgment motion, consistent with the approach taken by Judge Alsup, Judge Lin and Judge Lee in three directly analogous cases in this district. See *Bartz v. Anthropic PBC*, No. 3:24-cv-05417-WHA, Dkts. 46, 50 (N.D. Cal. Feb. 25, 2025) (ordering the deadline for class certification to occur before the deadline for summary judgment and issuing decisions on each motion within weeks of one another); *Id.*, Dkt. 95 (modifying scheduling order and ordering simultaneous briefing on class certification and summary judgment); *James v. Together Computer, Inc.,* No. 3:25-cv-09578-RFL, Dkt. 30 (N.D. Cal. Feb. 18, 2026) (also ordering non-bifurcated discovery in similar AI copyright case); *In re Google Generative AI Copyright Litigation,* No. 5:23-cv-03440-EKL, Dkt. 421 (N.D. Cal. Feb. 18, 2026); see also *James v. Snowflake Inc.*, No. 2:25-cv-00108-BMM, Dkt. 30 (D. Mont. Feb. 17, 2026) (ordering non-bifurcated discovery and simultaneous class certification and summary judgment in similar AI copyright case).

Plaintiff's proposed schedule is tailored to the practical realities of this case. In an AI training dataset case, merits and class discovery are not cleanly separable inquiries — they are largely the same inquiry. To establish infringement, Plaintiff and the Class must show what works were acquired (and how) and how they were ingested, processed, and what copies were made and retained

8

through Adobe's training pipeline. The answer to the merits question is the answer to the class question. The same documents, the same witnesses, and the same technical record bear on both.

Bifurcating these inquiries would require duplicative discovery, serial briefing on the same underlying facts, and unnecessary delay — the precise inefficiency that Rule 23(c)(1)(A)'s mandate to determine class certification "at an early practicable time" is designed to prevent. See *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) (recognizing that class certification analysis will frequently overlap with the merits). Accordingly, Plaintiff respectfully requests that the Court set class certification and any summary judgment briefing on a simultaneous schedule.

| Case Event | Plaintiff's Proposed Date |
|---|---|
| **Discovery open for all purposes** | March 18, 2026 |
| **Exchange of initial disclosures** | April 1, 2026 |
| **Last day to amend pleadings** | September 17, 2026 |
| **Close of fact discovery** | March 18, 2027 |
| **Opening expert report(s)** | May 19, 2027 |
| **Rebuttal expert report(s)** | June 16, 2027 |
| **Reply/surrebuttal expert report(s)** | July 21, 2027 |
| **Close of expert discovery** | August 26, 2027 |
| **Plaintiff's motion for class certification, both Parties' motions for summary judgment and *Daubert* motions** | October 7, 2027 |
| **Defendant's opposition to class certification, both Parties' oppositions to motion(s) for summary judgment and *Daubert* motions** | December 2, 2027 |
| **Plaintiff's reply in support of motion for class certification, both Parties' replies in support of motion for summary judgment and *Daubert* motions** | January 20, 2028 |
| **Hearing on class certification, summary judgment, and *Daubert* motions** | To be determined by the Court |

**Defendant's Proposed Schedule:**

Adobe respectfully submits that briefing on the parties' motions for summary judgment be scheduled prior to Plaintiffs' motion for class certification. Deciding the merits of Adobe's fair use defense before Plaintiff moves to certify the class is a more efficient way for the case to proceed. *Authors Guild v. Google, Inc.*, 721 F.3d 132, 134 (2d Cir. 2013), is directly on point. There, the plaintiff alleged that Google infringed the copyrights of a class by scanning "more than 20 million books" to create a tool to search their text. *Id.* at 133. The district court certified the class prior to summary judgment, but on interlocutory appeal, the Second Circuit vacated that ruling. *Id.* at 135. The Court of Appeals held that the district court's attempt to grapple with Rule 23's detailed requirements—including "the commonality of plaintiffs' injuries, the typicality of their claims, and the predominance of common questions of law or fact"—was premature in light of the likelihood that those issues will be "necessarily inform[ed] and perhaps moot[ed]" by "resolution of [the] fair use defense in the first instance" on summary judgment. *Id.* at 134. That holding was prescient, as on remand, the district court—in a decision issued by the same judge who previously granted class certification—ultimately granted summary judgment on fair use, mooting the issue of class certification. *Authors Guild, Inc. v. Google Inc.*, 954 F. Supp. 2d 282, 284 (S.D.N.Y. 2013), aff'd, 804 F.3d 202 (2d Cir. 2015).

Judge Chhabria reached the same result in *Kadrey v. Meta Platforms Inc.*, No. 3:23- cv-03417-VC (N.D. Cal.), another case in which a putative class contends that a defendant artificial intelligence company infringes copyright and the defendant asserts a fair use defense. There, the Court concluded that scheduling summary judgment before class certification was "a way of . . . adjudicating the case more efficiently . . . ." Transcript of Proceedings occurring on January 12, 2024, Dkt. No. 85 at 6:12-13. Judge Chhabria proceeded to grant summary judgment to Meta on the direct copyright claim on fair use grounds, substantially narrowing that case. 788 F.Supp.3d 1026, 1059 (N.D. Cal. 2025).

Plaintiff cites *Bartz v. Anthropic PBC*, No. 3:24-cv-05417-WHA (N.D. Cal. Feb. 25, 2025), in support of her proposed schedule, but Judge Alsup's ultimate decisions on the motions for summary judgment and class certification in that case demonstrate the wisdom of addressing the merits before class certification. Although the *Bartz* court ordered the briefing to occur simultaneously, it entered its decision on Anthropic's motion for summary judgment ***before*** deciding the plaintiffs' class certification motion. And, because the court granted partial summary judgment to Anthropic holding that some of the alleged uses of plaintiffs' works were fair use, the scope of remaining issues in the class certification motion was narrowed. *See* Dkts. 231, 244. Indeed, as *Bartz* shows, Plaintiff is not correct that "the answer to the merits question is the answer to the class question." To the contrary, the substantive fair use question and the class certification issues raised by this case are distinct.

Finally, the order of briefing will have no effect on the discovery process. As Plaintiff admits, "[t]he same documents, the same witnesses, and the same technical record bear on both" the merits of Plaintiff's claims and class certification issues. Accordingly, the scope of discovery will be the same regardless of the order in which the issues are eventually raised to the court. Defendant's proposed schedule makes no changes to the discovery schedule proposed by Plaintiff.

| Case Event | Defendant's Proposed Date |
|---|---|
| **Discovery open for all purposes** | March 18, 2026 |
| **Exchange of initial disclosures** | April 1, 2026 |
| **Last day to amend pleadings** | September 17, 2026 |
| **Close of fact discovery** | March 18, 2027 |
| **Opening expert report(s)** | May 19, 2027 |
| **Rebuttal expert report(s)** | June 16, 2027 |
| **Close of expert discovery** | August 26, 2027 |

| | |
|---|---|
| **Both Parties' motions for summary judgment and *Daubert* motions for summary judgment experts** | October 7, 2027 |
| **Both Parties' oppositions to motion(s) for summary judgment and *Daubert* motions for summary judgment experts** | November 2, 2027 |
| **Both Parties' replies in support of motion for summary judgment and *Daubert* motions for summary judgment experts** | December 2, 2027 |
| **Plaintiff's motion for class certification** | TBD –after resolution of summary judgment and *Daubert* motions |
| **Defendant's opposition to class certification** | TBD – One month after Plaintiff's motion for class certification |
| **Plaintiff's reply in support of motion for class certification** | TBD – Three weeks after Defendant's opposition to class certification |
| **Hearing on class certification, summary judgment, and *Daubert* motions for summary judgment experts** | To be determined by the Court |

## XVI.   TRIAL

Plaintiff demands a jury trial. The parties request that the expected length of the trial, the date of the trial, and other trial-related issues be addressed following the Court's ruling on summary judgment and/or class certification.

## XVII.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The Parties intend to file their Certifications of Interested Entities or Persons as required by Civil Local Rule 3-15 in short order.

Other than the putative Class members, the Parties are unaware of any additional non-party interested entities or persons at this time.

## XVIII.   PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guideline for Professional Conduct for the Northern District of California.

12

## XIX. OTHER MATTERS

The Parties have no other matters to raise at this time.

Respectfully submitted,

Dated: March 11, 2026

By: /s/  *Brendan Duffner*

**MᴄGᴜɪʀᴇ Lᴀᴡ, P.C.**
Eugene Y. Turin (# 342413)
1089 Willowcreek Road, Suite 200
San Diego, CA 92131
Tel: (312) 893-7002, Ex. 3
Fax: 312-275-7895
Email: eturin@mcgpc.com

David L. Gerbie (*pro hac vice*)
Brendan Duffner (*pro hac vice*)
Jordan R. Frysinger (*pro hac vice*)
Donald S. Cuba II (*pro hac vice*)
55 W. Wacker Dr., 9ᵗʰ Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
Email: dgerbie@mcgpc.com
Email: bduffner@mcgpc.com
Email: jfrysinger@mcgpc.com
Email: dcuba@mcgpc.com

*Counsel for Plaintiff and the Putative Class Members*

Dated: March 11, 2026

By: /s/   *Joseph Farris (with permission)*

**Aʀɴᴏʟᴅ & Pᴏʀᴛᴇʀ Kᴀʏ Sᴄʜᴏʟᴇʀ LLP**
Douglas A. Winthrop (# 183532)
Joseph Farris (# 263405)
Anushka Parihar (# 366286)
Three Embarcadero Center, 10ᵗʰ Floor
San Francisco, CA 94111-4024
Tel: (415) 417-3100
Fax: (415) 471-3400
Email: doughlas.winthrop@arnoldporter.com
Email: joseph.farris@arnoldporter.com

13

Email: anushka.parihar@arnoldporter.com

Allyson Myers (# 342038)
Michelle Ban (# 361012)
777 S. Figueroa St. 44th Floor
Los Angeles, CA 90017
Telephone: (213)-243-4000
Facsimile: (213)-243-4199
Email: ally.myers@arnoldporter.com
Email: michelle.ban@arnoldporter.com

JOINT CASE MANAGEMENT STATEMENT
& RULE 26(f) REPORT
CASE NO. 5:25-CV-10732-JSC

**ATTESTATION PURSUANT TO LOCAL RULE 5-1(I)(3)**

I hereby attest that all signatories indicated by a conformed signature (/s/) have concurred in the filing of this document.

Dated: March 11, 2026                              By: /s/   *Brendan Duffner*

1