DOUGLAS A. WINTHROP (No. 183532)
douglas.winthrop@arnoldporter.com
JOSEPH FARRIS (No. 263405)
joseph.farris@arnoldporter.com
ANUSHKA PARIHAR (No. 366286)
anushka.parihar@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco CA  94111-4024
Telephone: (415) 471-3100
Facsimile:  (415) 471-3400

ALLYSON MYERS (No. 342038)
ally.myers@arnoldporter.com
MICHELLE BAN (No. 361012)
michelle.ban@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 S. Figueroa St. 44th Floor
Los Angeles, CA 90017
Telephone: (213) 243-4000
Facsimile:  (213) 243-4199

*Attorneys for Defendant Adobe Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELIZABETH LYON, individually and on behalf of similarly situated individuals,<br><br>                    Plaintiff,<br><br>          v.<br><br>ADOBE INC., a Delaware corporation,<br><br>                    Defendant. | Case No. 3:25-CV-10732-JSC<br><br>**ADOBE INC.'S ANSWER**<br><br>Date Filed: December 16, 2025<br><br>Trial Date: Not yet set |

Pursuant to Federal Rule of Civil Procedure 8, Defendant Adobe Inc. ("Adobe") hereby responds to the Complaint filed by Plaintiff Elizabeth Lyon as follows. All allegations not specifically admitted herein are denied.

### PLAINTIFF'S OVERVIEW

1.    Adobe admits that the term artificial intelligence ("AI") can, among many other things, sometimes refer to software engineered to mimic human-like reasoning and inference through algorithmic processes leveraging statistical models. Adobe denies the remaining allegations.

2.    Adobe admits that the term small language models ("SLMs") can sometimes refer to AI programs designed to reply to user prompts with text outputs. Adobe admits that large language models ("LLMs") can sometimes be designed to run processing remotely with results transmitted via internet to devices and that SLMs can sometimes be designed to run efficiently on devices with limited hardware resources, such as smartphones, tablets, and laptops. Adobe admits that certain coauthors of its research paper titled, "SlimLM: An Efficient Small Language Model for On-Device Document Assistance," participated in the training of a series of SLMs called SlimLM that were optimized for document assistance tasks on mobile devices in the context of that research project. Adobe denies the remaining allegations.

3.    Adobe admits that language models can sometimes be trained by processing large quantities of text from diverse sources, which are sometimes called "pre-training datasets," learning statistical patterns and associations within that data, and encoding numerical values known as parameters. Adobe admits that goals of training language models may include, among other things, enabling the model to learn general language patterns, grammar, factual knowledge, and contextual relationships. Adobe admits that such training can sometimes result in a base model that can generate text, though often it will require further development to achieve specific useful functionalities. Adobe denies all other allegation

4.    Adobe admits that, in general, creating a high-quality training dataset can involve using large quantities of text, which can be obtained in various ways and processed in various ways for pre-training. Adobe denies all other allegations.

5.    Adobe admits that a dataset called SlimPajama was used as a pre-training dataset to

train SlimLM models described in "SlimLM: An Efficient Small Language Model for On-Device Document Assistance." Adobe lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

6. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations of this paragraph.

7. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations of this paragraph.

## JURISDICTION AND VENUE

8. For the purposes of this action, Adobe does not contest subject matter jurisdiction. This paragraph otherwise contains legal conclusions to which no response is required.

9. For the purposes of this action, and assuming the truth of Plaintiff's allegation that she is not an Adobe subscriber (who might be subject to an arbitration agreement), Adobe does not contest personal jurisdiction. This paragraph otherwise contains legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations of this paragraph.

10. For the purposes of this action, Adobe does not contest venue in this District. This paragraph otherwise contains legal conclusions to which no response is required.

## PARTIES

11. Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

12. Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

13. Admitted.

14. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations of this paragraph.

15. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations of this paragraph.

## FACTUAL ALLEGATIONS

16. Admitted.

17. Adobe admits that the SlimLM models described in "SlimLM: An Efficient Small Language Model for On-Device Document Assistance" are SLMs that were optimized for document assistance tasks on mobile devices in the context of that research project. Adobe denies all other allegations.

18. Adobe admits that both SLMs and LLMs can be trained on millions or billions of lines of text. The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations of this paragraph.

19. Adobe admits that during pre-training, SLMs can derive statistical information from text in a training dataset and learn statistical patterns concerning the text. Adobe admits that part of the pre-training process for SLMs can involve adjustments to the parameters and weights to adjust their ability to predict sequences in the data. Adobe denies the remaining allegations in this paragraph.

20. Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

21. To the extent the allegations in this paragraph purport to quote from the document referenced in the paragraph, the document speaks for itself. Adobe otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

22. Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

23. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

24. Adobe admits that SlimPajama was used to pre-train SlimLM models described in "SlimLM: An Efficient Small Language Model for On-Device Document Assistance." Adobe denies the remaining allegations of this paragraph.

25. Adobe admits that SlimLM models described in "SlimLM: An Efficient Small

-3-

Language Model for On-Device Document Assistance" were trained using a dataset called SlimPajama. The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

26.    The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations of this paragraph.

27.    The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations of this paragraph.

## CLASS ALLEGATIONS

28.    The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations of this paragraph.

29.    The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations of this paragraph.

30.    The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations of this paragraph.

31.    The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations of this paragraph.

32.    The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations of this paragraph.

33.    The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations of this paragraph.

34.    The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations of this paragraph.

## FIRST CAUSE OF ACTION

**Direct Copyright Infringement**

**(17 U.S.C. § 501)**

**(On Behalf of Plaintiff and the Class)**

35.    Adobe incorporates by reference its response to all allegations set forth in paragraphs

-4-

1–34 as if fully set forth herein.

36. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

37. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations of this paragraph.

38. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations of this paragraph.

39. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations of this paragraph.

40. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations of this paragraph.

41. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations of this paragraph.

42. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Adobe denies the allegations of this paragraph.

## PRAYER FOR RELIEF

In response to the Prayer for Relief, Adobe denies that Plaintiff or alleged members of the class are entitled to each of the requested relief, or to any relief whatsoever.

## JURY TRIAL DEMAND

Adobe states that no response is required. To the extent a response is deemed required, Adobe denies that all of Plaintiff's claims are properly triable to a jury.

## AFFIRMATIVE DEFENSES

In further answer to the allegations made by Plaintiff in the Complaint, Adobe asserts the following affirmative defenses, without assuming the burden of proof on such defenses that would otherwise fall on Plaintiff. Adobe reserves the right to supplement or amend these defenses during and after the course of discovery, and does not knowingly or intentionally waive any applicable affirmative defense:

-5-

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff's claim fails, in whole or in part, because the Complaint fails to state a claim upon which relief may be granted and/or to state facts sufficient to constitute a claim for relief against Adobe.

## SECOND AFFIRMATIVE DEFENSE

### (Fair Use)

Plaintiff's claim fails, in whole or in part, because, to the extent there is any unauthorized copying of any of Plaintiff's registered copyrighted works, that copying constitutes fair use under 17 U.S.C. § 107.

## THIRD AFFIRMATIVE DEFENSE

### (Volitional Conduct)

Plaintiff's claim fails, in whole or in part, because Adobe did not have the volition required to be liable for copyright infringement.

## FOURTH AFFIRMATIVE DEFENSE

### (Copyright Standing)

Plaintiff's claim fails, in whole or in part, for lack of legal or beneficial ownership sufficient to establish standing to sue for copyright infringement.

## FIFTH AFFIRMATIVE DEFENSE

### (Works or Elements of Works Not Protectable by Copyright)

Plaintiff's claim fails, in whole or in part, to the extent Plaintiff claims rights to elements of works or to works which are not protectable under copyright law, such as under the doctrines of scènes à faire, merger, the idea/expression dichotomy, or under 17 U.S.C. § 102(b).

## SIXTH AFFIRMATIVE DEFENSE

### (Invalid Copyright Registrations)

Plaintiff's claim fails, in whole or in part, because the copyright registrations purporting to cover some or all of the works in dispute are invalid and do not satisfy the requirements of 17 U.S.C. §§ 411-412.

-6-

**SEVENTH AFFIRMATIVE DEFENSE**

(*De Minimis* Copying)

Plaintiff's claim fails, in whole or in part, because it is barred by the doctrine of *de minimis* copying.

**EIGHTH AFFIRMATIVE DEFENSE**

(Lack of Injury)

Plaintiff's claim fails, in whole or in part, because Plaintiff has not suffered and is not likely to suffer any injury or damages as a result of the conduct alleged of Adobe in the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

(Waiver, Estoppel, Laches)

Plaintiff's claim is barred, in whole or in part, by one or more other equitable doctrines, such as waiver, estoppel, and laches.

**TENTH AFFIRMATIVE DEFENSE**

(Implied/Express License)

Plaintiff's claim fails, in whole or in part, because the complained-of use was authorized by express or implied license.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Unavailability of Injunctive Relief)

Plaintiff's claim fails, in whole or in part, because Plaintiff is not entitled to injunctive relief, including because any injury is not irreparable, Plaintiff would have an adequate remedy at law, the balance of hardships favors no injunction, and the public interest is best served by no injunction.

**TWELFTH AFFIRMATIVE DEFENSE**

(Innocent Infringement)

To the extent Plaintiff establishes any act of infringement, that infringement was innocent, allowing for the Court to reduce any award of statutory damages to an amount as low as $200 per work infringed. 17 U.S.C. § 504(c)(2).

-7-

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unconstitutional Damages)

Plaintiff seeks improper damages in violation of the United States Constitution and other applicable law. Any award of statutory or enhanced damages would constitute an unconstitutional penalty under the circumstances of this case, and would violate the due process and equal protection guarantees, and other substantive and procedural safeguards afforded by the United States Constitution.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's remedies are barred at least in part by the applicable statute of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Actionable Copy)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to show that alleged copies exist for more than a transitory duration.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Exhaustion)

Plaintiff's claims fail, in whole or in part, because Plaintiff is barred by the first sale doctrine, and copyright exhaustion principles, under 17 U.S.C. § 109.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Copyright Misuse/Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the doctrines of copyright misuse and unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Abandonment)

Plaintiff's claims are barred, in whole or in part, to the extent the copyrights at issue have been abandoned.

-8-

### NINETEENTH AFFIRMATIVE DEFENSE

**(Limits to Statutory Damages Based on 17 U.S.C. § 504(c)(1))**

To the extent Plaintiff establishes any act of infringement, Plaintiff's remedies are limited to the extent Plaintiff asserts works that have either been registered in or sold as a compilation or collective work.

### TWENTIETH AFFIRMATIVE DEFENSE

**(Contribution, Double Recovery, Value Already Received)**

To the extent Plaintiff has been compensated in relation to the works at issue, Plaintiff is barred by the prohibition against double recovery.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

Plaintiff is barred from recovery of damages because of and to the extent of Plaintiff's failure to mitigate Plaintiff's alleged damages (to which, in any event, Plaintiff is not entitled).

### TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Limits to Statutory Damages Based on the Windfall Principle)**

To the extent Plaintiff establishes any act of infringement, Plaintiff is at most entitled only to the minimum statutory damages on Plaintiff's claims because Plaintiff cannot substantiate actual damages on a work-by-work basis and because the actual economic value of an individual work is negligible.

### RESERVATION OF ADDITIONAL DEFENSES

Adobe's investigation of the claims and its defenses is continuing. Adobe has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on other applicable defenses as may become available or apparent during discovery in this matter. Adobe reserves the right to amend this Answer and/or its affirmative defenses.

### REQUEST FOR RELIEF

Therefore, Adobe respectfully requests that this Court:

1. Enter judgment in Adobe's favor and against Plaintiff;

2. Deny certification of any class;

-9-

3.   Dismiss the claim by Plaintiff with prejudice;

4.   Award Adobe its costs of suit;

5.   Award Adobe its attorneys' fees to the extent permitted by law; and

6.   Grant Adobe such other and further relief as this Court deems just and proper.

Dated:  March 16, 2026

Respectfully,

ARNOLD & PORTER KAYE  SCHOLER LLP

By:  */s/Douglas A. Winthrop*
     Douglas A. Winthrop
     Joseph Farris
     Allyson Myers
     Michelle Ban
     Anushka Parihar

*Attorneys for Defendant Adobe Inc.*

-10-