**McGuire Law, P.C.**
Eugene Y. Turin (# 342413)
1089 Willowcreek Road, Suite 200
San Diego, CA 92131
Tel: (312) 893-7002, Ext. 3
Fax: (312) 275-7895
Email: eturin@mcgpc.com

David L. Gerbie (admitted *pro hac vice*)
Brendan Duffner (admitted *pro hac vice*)
Jordan R. Frysinger (admitted *pro hac vice*)
Donald S. Cuba II (admitted *pro hac vice*)
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
Email: dgerbie@mcgpc.com
Email: bduffner@mcgpc.com
Email: jfrysinger@mcgpc.com
Email: dcuba@mcgpc.com

*Counsel for Plaintiff Elizabeth Lyon and the
Putative Class Members*

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (# 191626)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com

*Counsel for Plaintiff Arthur Kleiner and the
Putative Class Members*

**Arnold & Porter Kay Scholer LLP**
Douglas A. Winthrop (# 183532)
Joseph Farris (# 263405)
Jonathan M. Swisher (# 291651)
Anushka Parihar (# 366286)
Four Embarcadero Center, 14th Floor
San Francisco, CA 94111-4024
Tel: (415) 417-3100
Fax: (415) 471-3400
Email: douglas.winthrop@arnoldporter.com
Email: joseph.farris@arnoldporter.com
Email: jonathan.swisher@arnoldporter.com
Email: anushka.parihar@arnoldporter.com

Allyson Myers (# 342038)
Michelle Ban (# 361012)
777 S. Figueroa St. 44th Floor
Los Angeles, CA 90017
Telephone: (213)-243-4000
Facsimile: (213)-243-4199
Email: ally.myers@arnoldporter.com
Email: michelle.ban@arnoldporter.com

*Attorneys for Defendant Adobe Inc.*

1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELIZABETH LYON, individually and on behalf of similarly situated individuals,

Plaintiff,

v.

ADOBE, INC., a Delaware corporation,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:25-cv-10732-JSC
Case No. 3:26-cv-01218-JSC

**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**

Date:      June 17, 2026
Time:      2:00 PM
Judge:     Hon. Jacqueline Scott Corley

Pursuant to the Court's Minute Entry dated April 1, 2026 (ECF No. 33), Plaintiff Elizabeth Lyon and Plaintiff Arthur Kleiner (collectively, "Plaintiffs") and Defendant Adobe Inc. ("Adobe" or "Defendant") hereby submit this Joint Case Management Statement.

## I.      JURISDICTION AND SERVICE

### a.      Plaintiffs' Statement

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331 because the action arises under the Copyright Act, 17 U.S.C. § 501, *et seq*. ("Copyright Act"). This Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant is headquartered in this District. This case is properly assigned to this Division because, under Civil Local Rule 3-2(c), Plaintiffs may elect to file a case pertaining to intellectual-property rights in any Division within the District. Defendant was properly served, and Plaintiffs filed their Consolidated Class Action Complaint of April 22, 2026. (ECF No. 34).

### b.      Defendant's Statement

For the purposes of this action, and assuming that Plaintiffs are not Adobe subscribers (who might be subject to an arbitration agreement), Adobe does not, at this time, contest personal

jurisdiction or venue. Adobe does not contest that it was properly served with a summons and complaint.

## II.    FACTS

### a.    Plaintiffs' Statement

Plaintiffs Elizabeth Lyon and Arthur Kleiner are authors who own registered copyrights in books included in the datasets that Defendant allegedly pirated, copied, stored, processed, and used to train its SlimLM models. Plaintiffs allege that Adobe's SlimLM models are a series of small language models ("SLMs") optimized for document assistance tasks on mobile devices, and that Adobe confirmed those models were pre-trained on the SlimPajama dataset. (ECF No. 34, ¶¶ 2, 11-15, 20, 27.)

Plaintiffs allege that SlimPajama, created by Cerebras Systems Inc., is a copied, cleaned, and deduplicated version of Together Computer, Inc.'s RedPajama dataset, which itself contains a subset comprised of approximately 196,640 books derived from the Bibliotik private tracker, including Plaintiffs' copyrighted works. Thus, Plaintiffs' copyrighted works are among the works included in the SlimPajama dataset. Defendant downloaded, copied, stored, and used Plaintiffs' copyrighted works without authorization to train its SlimLM models, thereby directly infringing Plaintiffs' copyrights. Defendant retained copies of its pretraining datasets that contained Plaintiffs' copyrighted work on its servers and continues to store and use them in further training for new versions of its SlimLM models and other related models, thus continuing its infringement.

Plaintiffs and the Class's claims arise from the illegal pirating of their works, creation of backups, and creation of numerous copies of such works in various repositories. Such copies were retained illegally and indefinitely and such conduct, in addition to the actual use of such works to train its models, constitutes violations of Plaintiffs' and the Class members' copyrights.

b.      **Defendant's Statement**

Adobe is a computer software company based in San Jose, California that specializes in the development of software for the creation of a wide range of content, including graphics, photography, illustration, and print.

Plaintiffs Lyon and Kleiner are book authors. They allege that their books are included in a publicly-available dataset known as SlimPajama, purportedly created by third-party Cerebras Systems Inc. Plaintiffs further assert copyright infringement against Adobe based on its use of that dataset to train a series of small language models called SlimLM in connection with a research paper, titled "SlimLM: An Efficient Small Language Model for On-Device Document Assistance," available at https://arxiv.org/pdf/2411.09944.

Plaintiff's claim is meritless for the principal reason that Adobe's use of the SlimPajama dataset is paradigmatic fair use, among other potential defenses. As multiple courts have held, the use of content, including books, to train language models is highly transformative, and Adobe's use of the SlimPajama dataset for a research paper has not had, and could not have, any legally relevant effect on a market. This case also presents fatal procedural challenges. Plaintiff's proposed putative class is sweepingly defined as: "[a]ll persons or entities domiciled in the United States that own a United States copyright in any work that was downloaded, copied, stored, or used as training data by Defendant without authorization during the Class Period according to Defendant's records." But "copyright claims are poor candidates for class-action treatment." *Schneider v. YouTube, LLC*, 674 F. Supp. 3d 704, 717 (N.D. Cal. 2023) (citation omitted). Here, the breadth of the putative class raises significant commonality and typicality issues, among other obstacles. Certification of such a heterogenous proposed class—one which would include owners of different types of works, owners of different types of legal or beneficial rights, and owners of works that were used by Adobe for different purposes—will not be possible.

JOINT CASE MANAGEMENT STATEMENT
& RULE 26(f) REPORT
CASE NO. 3:25-CV-10732-JSC

III.    **LEGAL ISSUES**

        a.      **Plaintiffs' Statement**

        As reflected in Plaintiffs Consolidated Class Action Complaint, the principal legal issues presented in this case include, but are not limited to, the following:

        (1) Whether Defendant's use of copyrighted works to train SLMs constitutes fair use under 17 U.S.C. § 107;

        (2) Whether Defendant's alleged conduct satisfies the elements of direct copyright infringement under 17 U.S.C. § 501;

        (3) Whether any copying was de minimis or involved only unprotectable elements;

        (4) Whether this action satisfies the requirements for class certification under Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3);

        (5) Whether Plaintiffs and the Class are entitled to statutory damages under 17 U.S.C. § 504(c), actual damages and profits under § 504(b), injunctive relief under § 502, or attorneys' fees under § 505;

        (6) Whether any infringement was willful or innocent.

        b.      **Defendant's Statement**

        Adobe agrees that, based on its current understanding of the case, the principal legal issues in the case are whether Plaintiff can prove direct copyright infringement, whether Adobe's use of SlimPajama to train SlimLM is fair use, whether the class Plaintiffs seek meets the class certification requirements of Rule 23, whether any use by Adobe of Plaintiffs' copyrighted works was non-actionable *de minimis* use or involve unprotectable elements, whether Plaintiff is entitled to damages, and whether any infringement was willful or innocent.

IV.     **MOTIONS**

        Adobe previously filed an Unopposed Administrative Motion to Consider Whether Cases Should Be Related, requesting that the Court deem this action related to a subsequently-filed action, *Kleiner v. Adobe Inc.*, Case No. 5:26-cv-01218-EKL (filed February 9, 2026) ("*Kleiner*"). *See* ECF

No. 26. The Court granted Adobe's Motion, ordered *Kleiner* related to this action, and reassigned to be reassigned to this Court. (ECF No. 27.)

At the April 1, 2026 case management conference, the Court directed the parties to file a consolidated complaint by April 22, 2026 and ordered Adobe to respond by May 22, 2026. (ECF No. 33.) Plaintiffs filed the Consolidated Class Action Complaint on April 22, 2026. (ECF No. 34.) Adobe answered on May 22, 2026. (ECF No. 36.)

Adobe filed an Unopposed Administrative Motion to Consider Whether Cases Should Be Related, requesting that the Court deem this Consolidated Action related to a subsequently-filed action, *Tanzer v. Adobe Inc.*, Case No. 4:26-cv-04712-HSG (filed May 18, 2026) ("*Tanzer*"). *See* ECF No. 37.

Adobe intends to move to dismiss the NVIDIA-related allegations in the *Tanzer* action. Adobe further intends to move to consolidate the *Tanzer* action with this instant Consolidated Action.

Plaintiffs intend to file a motion for class certification and both Plaintiffs and Defendant anticipate filing motions for summary judgment in accordance with a case schedule to be set by the Court. *See* Section XV (Scheduling).

## V.    AMENDMENT OF PLEADINGS

With the forthcoming motion to relate the *Tanzer* action, Plaintiffs anticipate that they will file a second amended complaint, consolidating all related actions in this Court should the motion to relate be granted. Plaintiffs also reserve their right to seek leave to amend at an appropriate time and in accordance with the Federal Rules of Civil Procedure, the Civil Local Rules of this Court, and Your Honor's Standing Order, including to address facts learned in discovery.

## VI.    EVIDENCE PRESERVATION

Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and will meet and confer pursuant to Federal Rule of Civil

JOINT CASE MANAGEMENT STATEMENT
& RULE 26(f) REPORT
CASE NO. 3:25-CV-10732-JSC

Procedure 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

## VII.    DISCLOSURES

The Parties conferred in accordance with Rule 26(f) of the Federal Rules of Civil Procedure on June 10, 2026. The Parties served Rule 26(a)(1) initial disclosures on April 15, 2026. The Parties confirm that they will comply with their obligations to supplement those disclosures as necessary.

## VIII.    DISCOVERY

On March 31, 2026, Plaintiff Lyon served her First Set of Interrogatories and Requests for Production on Adobe.

On April 14, 2026, Adobe served its First Set of Interrogatories and Requests for Production to Plaintiffs Lyon and Kleiner.

On May 13, 2026, Adobe served its Responses to Plaintiff Lyon's First Set of Interrogatories and Requests for Production.

On May 28, 2026, Plaintiffs Lyon and Kleiner served their respective Responses to Defendant's First Set of Interrogatories and Requests for Production on Adobe.

The Parties anticipate submitting a proposed protective order to facilitate the exchange of discovery will likely be necessary. Counsel will meet and confer regarding a stipulated protective order regarding confidential information and any other protocols that may be necessary for the needs of this case with respect to any access to voluminous and/or sensitive data. The parties have detailed a proposed discovery schedule in Section XV (Scheduling).

## IX.    CLASS ACTIONS

### a.    Plaintiffs' Statement

Plaintiffs are entitled to maintain this action under Fed. R. Civ. P. 23 (a) and (b). Even in the absence of document production and/or oral testimony, Plaintiffs are confident that they will be able to satisfy the requirements of Fed. R. Civ. P. 23 based on Plaintiffs' independent investigations.

### b.    Defendant's Statement

Defendant does not believe that this case can be certified as a class action consistent with Federal Rule of Civil Procedure 23. As set out above, the class presents significant commonality and typicality issues, among other obstacles to certification.

## X.    RELATED CASES

Pursuant to the Court's Order entered on March 11, 2026, *Kleiner* is related and has been reassigned to this Court. (ECF No. 27.)

Adobe filed an Unopposed Administrative Motion to Consider Whether Cases Should Be Related, requesting that the Court deem this Consolidated Action related to a subsequently-filed action, *Tanzer v. Adobe Inc.*, Case No. 4:26-cv-04712-HSG (filed May 18, 2026) ("*Tanzer*"). *See* ECF No. 37.

## XI.    RELIEF

### a.    Plaintiffs' Statement

Plaintiffs seek judgment against Defendant in favor of the proposed Class, including the following relief: (i) an order certifying the Class, naming Plaintiffs as Class Representatives, and naming Plaintiffs' attorneys as Class Counsel to represent the Class; (ii) an order declaring that Defendant's conduct violates 17 U.S.C. § 501; (iii) an award of statutory and other damages under 17 U.S.C. § 504 for violations of the copyrights of Plaintiffs and the Class by Defendant; (iv) reasonable attorneys' fees and reimbursement of costs under 17 U.S.C. § 505 or otherwise; (v) a declaration that such infringement is willful; (vi) destruction or other reasonable disposition of all copies Defendant made or used in violation of the exclusive rights of Plaintiffs and the Class, under 17 U.S.C. § 503(b); (vii) pre- and post-judgment interest on the damages awards to Plaintiffs and the Class, and that such interest be awarded at the highest legal rate from and after the date Plaintiffs' class action Complaint was first served on Defendant; and (viii) further relief for Plaintiffs and the Class as the Court deems appropriate. Plaintiffs state that a computation of damages is premature at this time as it is unknown how many infringing works were copied by Defendant.

**b.      Defendant's Statement**

Defendant does not believe that Plaintiffs are entitled to any relief in this action, and reserves its right to seek fees and costs, if warranted.

## XII.   SETTLEMENT AND ADR

Pursuant to ADR Local Rule 3-5, the Parties and their counsel have read the handbook entitled "Dispute Resolution Procedures in the Northern District of California," discussed with each other the available dispute resolution options provided by the Court and private entities, and considered whether this action might benefit from the available dispute resolution options. The Parties have filed ADR Certifications (ECF Nos. 23, 24.) The Parties do not believe that ADR is likely to be productive before meaningful discovery, but will continue to evaluate ADR as the case progresses.

## XIII.  OTHER REFERENCES

The Parties do not believe that the case is suitable for reference to binding arbitration or a special master at this time. The Parties have not consented to the jurisdiction of a magistrate judge.

## XIV.   NARROWING OF ISSUES

The Parties believe that discovery is necessary to know if there is a potential to limit issues raised in Plaintiffs' Consolidated Class Action Complaint. At this time, the Parties have no proposals for narrowing the issues presented by this action.

## XV.    SCHEDULING

The Parties submit the following proposed schedule:

| Case Event | Defendant's Proposed Date |
|---|---|
| **Discovery open for all purposes** | March 18, 2026 |
| **Exchange of initial disclosures** | April 15, 2026 |
| **Last day to amend pleadings** | September 17, 2026 |
| **Close of fact discovery** | March 18, 2027 |

9

| Opening expert report(s) | May 19, 2027 |
|---|---|
| Rebuttal expert report(s) | June 16, 2027 |
| Close of expert discovery | August 26, 2027 |
| Both Parties' motions for summary judgment and *Daubert* motions for summary judgment experts | October 7, 2027 |
| Both Parties' oppositions to motion(s) for summary judgment and *Daubert* motions for summary judgment experts | November 2, 2027 |
| Both Parties' replies in support of motion for summary judgment and *Daubert* motions for summary judgment experts | December 2, 2027 |
| Plaintiff's motion for class certification | TBD –after resolution of summary judgment and *Daubert* motions |
| Defendant's opposition to class certification | TBD – One month after Plaintiff's motion for class certification |
| Plaintiff's reply in support of motion for class certification | TBD – Three weeks after Defendant's opposition to class certification |
| Hearing on class certification, summary judgment, and *Daubert* motions for summary judgment experts | To be determined by the Court |

## XVI.    TRIAL

Plaintiffs demand a jury trial. The parties request that the expected length of the trial, the date of the trial, and other trial-related issues be addressed following the Court's ruling on summary judgment and/or class certification.

## XVII.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendant has filed its certification of Interested Entities or Persons as required by Civil Local Rule 3-15 on March 16, 2026.

Other than the putative Class members, the Parties are unaware of any additional non-party interested entities or persons at this time.

## XVIII. PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XIX. OTHER MATTERS

The Parties have no other matters to raise at this time.

Respectfully submitted,

Dated: June 10, 2026

By: /s/ *Jordan R. Frysinger*

**MCGUIRE LAW, P.C.**
Eugene Y. Turin (# 342413)
1089 Willowcreek Road, Suite 200
San Diego, CA 92131
Tel: (312) 893-7002, Ex. 3
Fax: 312-275-7895
Email: eturin@mcgpc.com

David L. Gerbie (*pro hac vice*)
Brendan Duffner (*pro hac vice*)
Jordan R. Frysinger (*pro hac vice*)
Donald S. Cuba II (*pro hac vice*)
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
Email: dgerbie@mcgpc.com
Email: bduffner@mcgpc.com
Email: jfrysinger@mcgpc.com
Email: dcuba@mcgpc.com

*Counsel for Plaintiff Elizabeth Lyon and the Putative Class Members*

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (# 191626)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700

11

E-mail: ltfisher@bursor.com

*Counsel for Plaintiff Arthur Kleiner and the Putative Class Members*

Dated: June 10, 2026

By: /s/    *Douglas A. Winthrop*

**ARNOLD & PORTER KAY SCHOLER LLP**
Douglas A. Winthrop (# 183532)
Joseph Farris (# 263405)
Anushka Parihar (# 366286)
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Tel: (415) 417-3100
Fax: (415) 471-3400
Email: douglas.winthrop@arnoldporter.com
Email: joseph.farris@arnoldporter.com
Email: anushka.parihar@arnoldporter.com

Allyson Myers (# 342038)
Michelle Ban (# 361012)
777 S. Figueroa St. 44th Floor
Los Angeles, CA 90017
Telephone: (213)-243-4000
Facsimile: (213)-243-4199
Email: ally.myers@arnoldporter.com
Email: michelle.ban@arnoldporter.com

12

**ATTESTATION PURSUANT TO LOCAL RULE 5-1(I)(3)**

I hereby attest that all signatories indicated by a conformed signature (/s/) have concurred in the filing of this document.

Dated: June 10, 2026                          By: /s/  *Jordan R. Frysinger*

JOINT CASE MANAGEMENT STATEMENT
& RULE 26(f) REPORT
CASE NO. 3:25-CV-10732-JSC