Douglas A.Winthrop (SBN 183532)
Joseph Farris (SBN 263405)
ARNOLD & PORTER KAYE SCHOLER LLP
Four Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: 415-471-3100
douglas.winthrop@arnoldporter.com
joseph.farris@arnoldporter.com

*Counsel for Defendant Adobe*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ELIZABETH LYON and ARTHUR KLEINER, individually and on behalf of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>ADOBE INC., a Delaware corporation,<br><br>Defendant. | Case Nos. 3:25-cv-10732-JSC<br>3:26-cv-01218-JSC<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED UNDER CIVIL LOCAL RULES 3-12 AND 7-11**<br><br>Proposed Related Cases:<br><br>*SEIU Pension Plan Master Trust, Derivatively on behalf of Adobe Inc. v. Narayen et al.*, Case No. 3:26-cv-03521-CRB (N.D. Cal.);<br><br>*Michael Herschberger et al., Derivatively on behalf of Adobe Inc. v. Narayen et al.*, Case No. 5:26-cv-05882-BLF (N.D. Cal.) |

**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to Civil Local Rules 3-12(b) and 7-11, Defendant Adobe Inc. ("Adobe") submits this Administrative Motion To Consider Whether Cases Should Be Related and respectfully requests that this Court find that the instant consolidated action is related to the following cases: *SEIU Pension Plan Master Trust v. Narayen, et al.*, Case No. 3:26-cv-03521-CRB filed on

April 24, 2026 (the "*SEIU* Action") and *Hirschberger v. Narayen et al.*, Case No. 5:26-cv-05882-BLF filed on June 16, 2026 (the "*Hirschberger* Action" and together with the *SEIU Action* the "Derivative Actions"). Counsel for Adobe, which also represents the Individual Defendants in the Derivative Actions, has conferred with counsel for the Plaintiffs in this action and in the Derivative Actions.[1] Counsel for Plaintiffs in this action represented that they do not oppose the relief sought in this motion. In contrast, Counsel for Plaintiffs in the Derivative Actions oppose this request. Declaration of Douglas Winthrop ¶ 5.

The Derivative Actions should be related to this consolidated action because both involve the same party (Adobe) and events (Adobe's alleged use of the "SlimPajama" dataset). The Court previously determined that *Tanzer v. Adobe Inc.*, Case No. 5:26-cv-04712-JSC (collectively with the instant action, the "Class Actions"), which also concerns the SlimPajama dataset, was related to this action notwithstanding that there is one claim asserted in that case that does not concern SlimPajama. The same rationale applies here and supports relating the Derivative Actions with the Class Actions (collectively the "Proposed Related Actions").

## BRIEF STATEMENT OF THE RELATIONSHIP OF THE ACTIONS

### A. The Derivative Actions are Related to the Class Actions

Actions are related when "(1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. L.R. 3-12(a). The Proposed Related Actions should be related because both of those elements are satisfied here.

*First*, the Proposed Related Actions arise from substantially the same underlying events and factual allegations. In both sets of cases, plaintiffs challenge Adobe's alleged use of the SlimPajama dataset to train certain small language models referred to as "SlimLM." Both actions

[1] The Individual Defendants in the Derivative Actions are Christiano Amon, Amy Banse, Melania Boulden, Frank Calderoni, Laura Desmond, Spencer Neumann, Kathleen Oberg, Dheeraj Pandey, David Ricks, Daniel Rosenweig, Daniel Durn, Anil Chakravarthy, David Wadhwani, Alexandru Costin, and Claude Alexandre.

relate to Adobe's alleged decision to use SlimPajama, the composition and provenance of that dataset, and the scope of Adobe's use of that dataset, and whether that Adobe's use of that dataset constituted fair use. The complaints in the Derivative Actions themselves demonstrate this overlap. *SEIU Pension Plan* devotes an entire section of its complaint to reciting and relying upon allegations from this consolidated action. *See* Verified Stockholder Derivative Complaint, *SEIU Pension Plan Master Trust v. Narayen et al.*, No. 3:26-cv-03521-CRB, ECF No. 1 ("*SEIU* Compl.") ¶¶ 79–84 (recounting allegations from this action and citing extensively to the docket in this case). *Hirschberger* does, too. *See Hirschberger v. Narayen et al.*, Case No. 5:26-cv-05882-BLF, ECF No. 1 ("*Hirschberger* Compl.") ¶¶ 118–124. *SEIU Pension Plan* further alleges that Individual Defendant Narayen "was the CEO of the Company at relevant times . . . which submits him substantially to the allegations of wrongdoing arising from many of the same events based on the *same facts as alleged in this action, and the copyright infringement actions*." *SEIU* Compl. ¶ 111 (emphasis added).

The fact that the Proposed Related Actions concern substantially the same transactions or events is confirmed by each complaint's underlying premise: that "[t]he SlimPajama dataset was created by copying and manipulating the RedPajama dataset (including copying [the allegedly pirated dataset] Books3)." *Compare* Consolidated Class Action Complaint, ECF No. 34 ("Class Action Compl.") ¶ 25, with *SEIU* Compl. ¶ 60; *Hirschberger* Compl. ¶ 121. Likewise, each complaint alleges that Adobe marketed SlimLM as an AI offering intended for integration into mobile devices and use substantially identical language to describe the Slim LM training process and the provenance of the underlying datasets. *Compare* Class Action Compl. ¶¶ 20–23, with *SEIU* Compl. ¶¶ 51–54 and *Hirschberger* Compl. ¶ 113.

*Second*, because the Proposed Related Actions concern substantially the same events, conducting the cases before different judges would cause "an unduly burdensome duplication of labor and expense" and create a risk of "conflicting results." Civ. L.R. 3-12(a). Indeed, plaintiffs' theory of liability and damages in the Derivative Actions expressly depends on the outcome of the

Class Actions, alleging that "Adobe will be subject to potentially massive liability *from the copyright infringement class actions*." *SEIU* Compl. ¶ 100; (emphasis added); *Hirschberger* Compl. ¶ 163 (same).

**B. The Derivative Plaintiffs' Arguments Do Not Preclude Relation**

Before filing this Motion, defendants in the Derivative Actions conferred with the derivative plaintiffs, who declined to stipulate that the Proposed Related Actions are related. The derivative plaintiffs asserted they oppose relating the cases because, they claim, the causes of action and parties are not identical. Winthrop Decl. ¶ 5. But that is not what Civil L.R. 3-12(a) requires. The rule asks whether the actions concern *substantially* the same parties, property, transactions, or events. Here, the Derivative Action complaints themselves make the Class Actions' allegations the factual centerpiece of the Individual Defendants' alleged liability, and thus the Derivative Action complaints raise the same events as the Class Actions. Moreover, the legal theories in the Derivative Actions are entirely dependent upon, and will not survive, if this Court, in the first instance, finds that there is no copyright infringement in the Class Actions.

Moreover, while there are different plaintiffs, this is inconsequential. This Court already determined that the *Tanzer* Action is related to the instant action notwithstanding that the actions were brought by different plaintiffs. Counsel for the Derivative Plaintiffs similarly acknowledged that a difference between the plaintiffs in the two derivative cases did not preclude relating the two derivative cases. *See SEIU* Action, Dkt. 21 ⁋ 3. And all of the actions—the Class Actions and the Derivative Actions—involve the same party: Adobe.

## CONCLUSION

Civil Local Rule 3-12(a) are satisfied such that coordination before a single judge will conserve the parties' and the Court's resources and will avoid "unduly burdensome duplication of labor and expense or conflicting results." Civ. L.R. 3-12(a)(2). The claims in the Derivative Actions do not arise from distinct operative facts. They are derivative of, and contingent upon, the same alleged conduct at the heart of the copyright Class Actions. The Derivative Actions should be related to this action.

Dated: August 18, 2026

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: */s/ Douglas A. Winthrop*
Douglas A. Winthrop (SBN 183532)
Joseph Farris (SBN 263405)
Four Embarcadero Center, 14th Floor
San Francisco, CA 94111-4164
Telephone: 415-471-3100
Facsimile: 415-571-3400
douglas.winthrop@arnoldporter.com
joseph.farris@arnoldporter.com